# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITANEY NICOLE WELLS, on behalf of the ESTATE OF MICHAEL SCOTT HAYES, DECEASED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GALFAB LLC;<br>GALFAB HOLDINGS INC.; and<br>PREMIER TRUCK SALES & RENTAL, INC.,<br><br>　　　　Defendants. | Case No. CIV-21-761-D |

## ORDER

Before the Court is Defendant Premier Truck Sales & Rental, Inc.'s ("Premier") Motion for Summary Judgment [Doc. No. 59]. Plaintiff filed a response in which she states that "[b]ased on the discovery conducted in this matter to date, Plaintiff has not been able to develop evidence that creates a genuine issue of material fact regarding her claims against Defendant Premier." Pl.'s Resp. to Mot. Summ. J. [Doc. No. 62] at 1. Premier's deadline to file a reply has expired. The matter is, therefore, fully briefed and at issue.

### BACKGROUND AND UNDISPUTED MATERIAL FACTS

This case arises from a fatal workplace accident involving Michael Hayes. Mr. Hayes worked for Envirodispose, a company engaged in the business of gathering, and disposing of, large refuse. As part of his job, Mr. Hayes was required to use heavy machinery, including roll-off-hoists, to move and haul large dumpsters. At the time of the subject accident, Mr. Hayes was attempting to move a large dumpster. At some point, while

Mr. Hayes was releasing wire on the roll-off hoist, he accidentally tightened instead of loosened the wire, and a pin located in the roll-off hoist struck Mr. Hayes in the back of the head. Tragically, Mr. Hayes died as a result of the subject accident.

The roll-off hoist Mr. Hayes was operating at the time of the subject accident, along with the mounting and instruction materials, was purchased by Premier from Galfab, LLC ("Galfab"). Galfab was solely involved in the design and manufacturing of the roll-off hoist, and Galfab was the distributor of the roll-off hoist that Premier purchased. Premier had no role or responsibility pertaining to the design, manufacturing, testing, packaging, or labeling of the roll-off hoist. Premier did not alter or modify the roll-off hoist in any manner; indeed, the roll-off hoist was mounted in accordance with the instructions that were provided to Premier by Galfab. Premier makes no warranties on the roll-off hoist, as any and all applicable warranties originate with Galfab.

Premier had no notice of any defects with the roll-off hoist before the subject accident. Prior to selling the roll-off hoist to Envirodispose, the truck with the Galfab roll-off hoist passed its annual inspection. After Premier sold the truck with the roll-off hoist to Envirodispose, Premier did not undertake any further obligations to service, inspect, or maintain the vehicle. The pin involved in the subject accident was not manufactured by Premier, but, instead, is part of the Galfab-manufactured roll-off hoist sold by Galfab.

In her third amended complaint, Plaintiff, on behalf of the estate of Mr. Hayes, brings strict product liability and negligence claims against Galfab, Galfab Holdings, Inc., and Premier. In the instant motion, Premier seeks summary judgment on both of Plaintiff's claims. As noted at the outset, Plaintiff filed a response to the instant motion, in which she

states that she "has not been able to develop evidence that creates a genuine issue of material fact regarding her claims against" Premier.[1]

## DISCUSSION

### I. Premier is entitled to summary judgment on Plaintiff's product liability claim.

To prove her product liability claim, Plaintiff must show: "(1) the product was the cause of the injury; (2) the defect existed in the product at the time it left the manufacturer's possession and control (if the action is against the manufacturer) or at the time of sale for public use (if the action is against the retailer or supplier); and (3) the defect made the article 'unreasonably dangerous' to plaintiff or his property, meaning dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases the product with the ordinary knowledge common to the community as to its characteristics." *Prince v. B.F. Ascher Co., Inc.*, 90 P.3d 1020, 1026 (Okla. Civ. App. 2004) (citing and quoting *Kirkland v. Gen. Motors Corp.,* 521 P.2d 1353, 1362-63 (Okla. 1974)).

To protect the so-called "innocent seller," Oklahoma has enacted a statute that prohibits product liability claims against the seller of a product, unless:

> 1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or
>
> 2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

---

[1] Because Plaintiff did not respond to Premier's undisputed material facts, the Court deems them admitted for the purpose of deciding the instant motion. *See* LCvR56.1(e). Further, Plaintiff does not argue, pursuant to FED. R. CIV. P. 56(d), that she cannot present facts essential to justify her opposition.

> 3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or
>
> 4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or
>
> 5. The manufacturer is not subject to service of process under the laws of the state; or
>
> 6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

Okla. Stat. tit. 76, § 57.2(E).

Here, Plaintiff has failed to produce any evidence establishing that Premier—as the seller of the roll-off hoist—falls within any of the exceptions listed in § 57.2(E). *See* Def.'s Mot. Summ. J. at 7-8, 11; *see also* Pl.'s Resp. at 1. Therefore, Plaintiff's product liability claim against Premier fails as a matter of law, and Premier is entitled to summary judgment.

**II.     Premier is entitled to summary judgment on Plaintiff's negligence claim.**

To prove her negligence claim, Plaintiff must show: "1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty." *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). "However, a seller who is not the manufacturer of a product has a duty to exercise reasonable care in ascertaining its safety and true condition only when the seller has knowledge of potential defects in the product." *Payne Expl. Co. v. Trident Steel Corp.*, No. CIV-15-818-D, 2016 WL 1530006, at *3 (W.D. Okla. Apr. 14, 2016) (citing *Crispin Co. v. Petrotub-S.A.*, No. CIV-05-159-C, 2006 WL 2812535, at *7 (W.D. Okla. Sept. 28, 2006)). And "although a seller generally does not have a duty to inspect products, such a

4

duty may arise if it knows or has reason to know that the product is or is likely to be dangerous." *Crispin*, 2006 WL 2812535, at *7 (citing RESTATEMENT (SECOND) OF TORTS, § 402 (1965)).

Here, Plaintiff has failed to produce any evidence establishing that Premier—as the seller of the roll-off hoist—had any knowledge of potential defects in the roll-off hoist. *See* Def.'s Mot. Summ. J. at 7-8, 14; *see also* Pl.'s Resp. at 1. Further, Plaintiff has failed to produce any evidence establishing that Premier knew or had reason to know that the roll-off hoist was, or was likely to be, dangerous. *Id.* Therefore, Plaintiff's negligence claim against Premier fails as a matter of law, and Premier is entitled to summary judgment.

## CONCLUSION

For these reasons, Premier's Motion for Summary Judgment [Doc. No. 59] is **GRANTED**.

**IT IS SO ORDERED** this 23rd day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge